## In Re Anonymous No. 1 D.B. 73

Disciplinary Board Docket No. 1 D.B. 73.

DANIELS, *Board Member*, April 18, 1984 — Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, The Disciplinary Board of the Supreme Court of Pennsylvania submits its following findings and recommendations to your honorable court with respect to the above petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

The instant petitioner, an 80 year old formerly admitted attorney, was disbarred by consent by order

of the Supreme Court of Pennsylvania on May 17, 1971. That disbarment was for misappropriation of client's funds in connection with the administration of the Estate of [A], deceased.

Petitioner initially filed a petition for reinstatement to the practice of law on October 4, 1972. The hearing committee that heard that petition recommended reinstatement, subject to the condition that petitioner practice law only as an employee of the Commonwealth of Pennsylvania or under the supervision of another designated attorney, for it was "deeply concerned that petitioner not be placed in a position of financial responsibility for the funds of his clients."

The Disciplinary Board of the Supreme Court of Pennsylvania, contrary to the recommendation of the hearing committee, recommended on December 14, 1973 that the petition for reinstatement be denied on the grounds that petitioner had not demonstrated "by clear and convincing evidence that he had the moral qualifications, competency and learning in the law required for admission to practice law [and that his resumption of the practice of law] will neither be detrimental to the integrity and standing of the bar or the administration of justice nor subversive to the public interest."

The Supreme Court of Pennsylvania denied that Petition for Reinstatement on January 28, 1974. Thereafter, oral argument was heard by the Supreme Court of Pennsylvania in connection with said reinstatement petition, following which the Supreme Court affirmed its previous order on May 14, 1974.

Petitioner filed the instant petition for reinstatement (his second petition for reinstatement) on January 20, 1983. Pursuant to the provisions of the Pennsylvania Rules of Disciplinary

Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania referred the matter to Hearing Committee [   ] hereinafter referred to as "committee"), consisting of [              ].

Following appropriate notice, the Committee conducted a hearing in connection with the instant petition for reinstatement on July 13, 1983. After such hearing, the committee filed its report on November 28, 1983, wherein it recommended that petitioner's application for reinstatement be denied on the ground "that Petitioner has not rehabilitated himself since his last petition for reinstatement." (See report of hearing committee [   ], pp. 10-20). Petitioner filed a brief on exceptions to said committee's report and recommendation on January 10, 1984, in response to which the Office of Disciplinary Counsel filed a brief opposing exceptions on January 26, 1984.

On February 16, 1984, oral argument was heard before a three-member panel of this Board, consisting of Robert C. Daniels, Esq., Chairman, James C. Schwartzman, Esq., and Prof. Winfield Keck. That three-member panel made its report and recommendation to the entire board which upon a complete review of the entire record in this matter, including the report, findings and recommendation of hearing committee [   ], declines to follow the recommendation of that committee that the instant petition for reinstatement be denied, and hereby recommends that the instant petition for reinstatement be granted for the reasons set forth hereinafter.

## II. DISCUSSION

In order for the petitioner to gain reinstatement to the Bar of the Supreme Court of Pennsylvania, he has the burden of demonstrating, by clear and con-

vincing evidence, that he has both the moral qualifi-
cations and the competency and learning in the law
required for admission to practice in this Common-
wealth. In addition, he has the burden of demon-
strating that his resumption of the practice of law
will not be detrimental to the integrity and standing
of the Bar or to the administration of justice, nor
subversion of the public interest. See Rule
218(c)(3)(i) of the Pennsylvania Rules of Disciplin-
ary Enforcement.

At the time of the oral argument before the three-
member panel of this Board on February 16, 1984,
Office of Disciplinary Counsel represented that the
only issue militating against the instant petitioner's
reinstatement to the practice of law in this Com-
monwealth is the candidness of petitioner's answers
in his reinstatement questionnaire. It was this limit-
ed issue that was fully and completely explored at
the time of said oral argument in light of such con-
cession by the Office of Disciplinary Counsel.

In that regard, questions had been raised before
the Committee as to petitioner's candidness in re-
vealing the existence of certain outstanding judg-
ments against him in the answers that he, through
his counsel, supplied in his reinstatement question-
naire. Petitioner's counsel, [B], who completed such
reinstatement questionnaire on behalf of petitioner,
indicated that he and his client had inadvertaintly
failed to identify those outstanding judgments in
the original reinstatement questionnaire that was
filed in the instant reinstatement proceeding. [B]
further explained that when the question of these
outstanding judgments was brought to his attention
by the Office of Disciplinary Counsel, he, on behalf
of his client, employed a private investigator, one
[C], to conduct a judgment search, following which
he prepared a complete list of such judgments,

dated March 1, 1983, and made a copy of that list of judgments available to the Office of Disciplinary Counsel, *prior* to the actual hearing of July 13, 1983 before the Committee in this matter. That list of judgments was in fact marked as Exhibit "P-3" at the time of said hearing. (See confirmatory letter of [B], dated February 16, 1984, attached hereto as Exhibit "A"). Moreover, Office of Disciplinary Counsel, through Assistant Disciplinary Counsel [D], by letter of February 17, 1984 (a copy of which is attached hereto as Exhibit "B"), confirmed the accuracy of the chronological sequence of events as articulated in [B's] letter of February 16, 1984.

In light of this additional evidence that was developed in some detail, for the first time, at the time of the oral argument before the three-member panel of this board on February 16, 1984, this board does not agree that "Petitioner was neither forthright nor forthcoming in explaining his failure to list any judgments in his Reinstatement Questionnaire." It is abundantly clear that even prior to the hearing before the committee on July 13, 1983, petitioner, through his counsel, had supplemented the information that he had previously supplied in his reinstatement questionnaire with respect to outstanding judgments. Moreover, petitioner's counsel offered, in a telephone conversation with the Office of Disciplinary Counsel on March 9, 1983 (more than four months before the actual hearing before the Committee in this matter), to formally amend the reinstatement questionnaire. Office of Disciplinary Counsel advised petitioner's counsel that "there was no need to send a letter [since they] would stipulate at the time of the hearing on the judgments." (See Exhibits "A" and "B" attached hereto).

In view of the foregoing, we cannot accept and, therefore, reject Findings of Fact Nos. 32 and 35 of hearing committee [ ]. We do, however, adopt the following findings of fact of hearing committee [ ].

## III. FINDINGS OF FACT

The Disciplinary Board of the Supreme Court of Pennsylvania adopts the following findings of fact of hearing committee [ ] as the board's findings of fact:

". . .

18. At the time of the hearing Petitioner was 80 years old. His date of birth is April 23, 1903. (N.T. 28). He graduated with his law degree from the Law School of the University of [        ] in 1928.

19. Prior to his disbarment Petitioner had practiced law for 40 years (N.T. 32), chiefly as a sole practitioner in general civil practice. (N.T. 32, 33).

• • •

21. Since his disbarment the Petitioner has been employed as a claims settlement agent in the Department of [        ].

22. The Petitioner testified there have been no complaints concerning his work and he has received good employment ratings. Petitioner's beginning salary as a claims settlement agent in 1971 was approximately $7,400. His salary increased progressively over the years with his 1982 salary being $19,140.

23. [E], Esq., the executive supervisor of the [        ] Bureau during the years petitioner was employed there, testified petitioner was an excellent employee and had performed his job in a satisfactory fashion.

24. [F], the Petitioner's direct supervisor indicated the Petitioner had received excellent ratings for his employment performance.

25. Since his disbarment, the Petitioner has not engaged in the practice of law.

26. Petitioner since his disbarment has read, and re-read on numerous occasions, the Code of Professional Responsibility.

27. Petitioner testified he is aware of the requirements of Canon 9 of the Code of Professional Responsibility and described correctly to the Committee the proper manner in which attorney escrow and attorney operating accounts are to be maintained.

28. Petitioner has taken the seminars as required by Disciplinary Board Rules 89.275 and 89.279.

29. Besides the required courses, the Petitioner also has attended additional seminars and completed the Civil Trial Techniques course taught by attorney [G] at [      ] Law School and the Family Law Course taught by attorney [H] at [      ] Law School.

30. The Petitioner since 1977 has regularly read the Pennsylvania Bar Association's *Quarterly* magazine. He also has read the advance sheets on Pennsylvania cases, the Pennsylvania Law Journal and the Legal Intelligencer.

31. In 1970 Petitioner made full restitution of the $5,819.65 which he had misappropriated from the estate of [A], deceased.

. . ." (See Report of Hearing Committee [      ], pp. 6-8).

This board also makes the following additional findings of fact:

(i) Since his disbarment, the petitioner has had an excellent reputation for truth, veracity and integrity and as a law abiding citizen; he has led an excellent family life and has been an excellent employee.

(ii) Petitioner, through the oversight of both he and his counsel, failed to list outstanding judgments against him in his reinstatement questionnaire in the instant proceeding.

(iii) When this omission was called to the attention of his counsel, [B], Petitioner promptly and timely amended the reinstatement questionnaire, by supplying to the Office of Disciplinary Counsel a list, dated March 1, 1983, of all outstanding judgments against him.

(iv) Petitioner obtained this list of outstanding judgments against him by hiring the services of [C], a licensed private detective, who researched such outstanding judgments against petitioner and supplied such list to petitioner's counsel, [B].

(v) The list of outstanding judgments against petitioner, dated March 1, 1983, was supplied by petitioner's counsel, [B], to the Office of Disciplinary Counsel sometime during the month of March 1983, more than four months before the actual hearing before the committee. (See Exhibits "A" and "B" attached hereto).

(vi) All outstanding judgments against petitioner related to matters either predating or existing at the time of his disbarment in 1971, with the exception of one judgment in the amount of $2,453, which was entered against petitioner in 1974 as a result of petitioner's involvement in a motor vehicle accident, at the time of which he did not have insurance on his motor vehicle.

(vii) Petitioner has accepted full responsibility for the payment of all of these outstanding judgments against him.

(viii) Many of the existing outstanding judgments against Petitioner still remain unsatisfied because of petitioner's inability to financially fund the same, in light of his reduced salary as a claims set-

tlement agent (as compared to his former income as an attorney at law) and his financial obligations to his family in raising and educating four children.

(ix) Petitioner has stated his intention to make every effort to repay these outstanding judgments once he is in a financial position to do so.

(x) Petitioner has indicated that the reason he desires to resume the practice of law is because of his great love for the legal profession, his desire to clear his past, his desire for his sons to become attorneys, his desire to contribute actively once again to the profession and his wish to have the opportunity to rectify his past misconduct.

Finally, this board adopts stipulations no. 17 and no. 18 of counsel as additional findings of fact of this board:

"17. Petitioner acknowledges the existence of unsatisfied judgments against him. Those judgments are listed as follows:

a. [I] v. [Petitioner], M.C. October term, 1957, No. [ ], Amount: $631.71.

b. [J] v. [Petitioner], C.C. June term, 1961, No. [ ], Amount: unknown.

c. [K] v. [Petitioner], C.C. June term, 1962, No. [ ], Amount: $4,500.

d. [L] v. [Petitioner], C.C. December term, 1973, No. [ ], Amount: $1,207.62.

e. [M] v. [Petitioner], C.C. September term, 1963, No. [ ], Amount: $3,259.26.

f. [N] v. [Petitioner], C.P. February term, 1970, No. [ ], Amount: $142.14.

g. [K] v. [Petitioner], M.C. [ ], Amount: $111.

h. [O] v. [Petitioner], C.P. ([ ] Co.), No. [ ], Amount: $2,453.70.

18. Petitioner has cooperated fully with the Office of Disciplinary Counsel in providing releases to obtain copies of his federal income tax returns, has

provided information concerning the judgments against him, and honored all requests made of him for other information."

## IV. CONCLUSIONS OF LAW

The Disciplinary Board of the Supreme Court of Pennsylvania has arrived at the following conclusions of law in this restatement proceeding:

1. Petitioner was disbarred by consent by order of the Supreme Court of Pennsylvania on May 17, 1971.

2. Petitioner duly applied for reinstatement to the practice of law in the Commonwealth of Pennsylvania (for the second time) on January 20, 1983.

3. In light of the concession of the Office of Disciplinary Counsel at oral argument before the three member panel of this board that the only issue militating against the instant petitioner's reinstatement to the practice of law in this Commonwealth is the candidness of Petitioner's answers in his reinstatement questionnaire and the attached letters of counsel, marked and attached hereto as Exhibits "A" and "B", petitioner, through his counsel, [B], has made a credible, convincing and satisfactory explanation as to why he initially inadvertently failed to include the outstanding judgments against him in the answers which were provided in his reinstatement questionnaire in this matter, which answers were later supplemented by petitioner in Exhibit "P-3".

4. Petitioner made no conscious effort to conceal or intentional misstatement to withhold the information respecting the outstanding judgments against him and, as a matter of fact, undertook affirmative steps, by way of hiring a private investigator, one [C], to ferret out information relating to and

prepare a list of said outstanding judgments against him for submission to the Office of Disciplinary Counsel once this omission was called to his counsel's attention.

5. The list of outstanding judgments against petitioner was timely filed with the Office of Disciplinary Counsel during the month of March 1983, more than four months before the hearing before the committee in this matter, and, as such, acted as and constituted a supplement to and an amendment of the reinstatement questionnaire that petitioner had filed prior thereto in the instant reinstatement proceeding on January 20, 1983.

6. Petitioner has demonstrated by clear and convincing evidence that he has the moral qualifications required for the admission to practice law in the Commonwealth of Pennsylvania.

7. Petitioner has demonstrated by clear and convincing evidence that he has the competency, knowledge and learning in the law to be admitted to practice law in the Commonwealth of Pennsylvania.

8. Petitioner has demonstrated by clear and convincing evidence that his resumption of the practice of law will be neither detrimental to the integrity and standing of the Bar or the administration of justice, nor subversive of the public interest.

9. Accordingly, Petitioner has carried his burden and has proved by clear and convincing evidence that he has the moral qualifications and competency and learning in the law required for admission to practice law in this Commonwealth and that the resumption of the practice of law in this Commonwealth by the Petitioner will be neither detrimental to the integrity and standing of the Bar or the administration of justice, nor subversive of the public interest.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends to the Supreme Court of Pennsylvania that the instant Petition for Reinstatement of [Petitioner] to the practice of law in the Commonwealth of Pennsylvania be granted by your honorable court, and further recommends that the court direct that all necessary expenses incurred by this board in the investigation and processing of the instant petition for reinstatement be borne by and paid for by said petitioner. (A statement of such expenses is appended to the instant report).

Mrs. Hammerman, Mr. Krawitz and Mrs. Neuman did not participate in the adjudication.

## ORDER

And now, this May 22, 1984, the recommendation of the Disciplinary Board dated April 18, 1984, is accepted, and the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.